I do not see by what authority the commissioner has reversed the decision of the majority of the school committee of Jamestown, as to the location of the school-house, about to be built, in District No. 1, of that town. His appellate power is, to hear and determine appeals from the decisions or doings of school committees, district meetings, trustees, c., taken to him by persons aggrieved by such decisions or doings. A grievance
supposes a wrong, growing out of some infraction of law, of which the aggrieved party has the right to complain; and the school-law, instead of throwing the discussion and decision of such complaints before the ordinary legal tribunals, gives an appeal to the commissioner of public schools, in order to prevent tedious litigation, scandal, and expense. The commissioner *Page 603 
is, in legal idea, the visitor of the public schools of the state — a domestic judge — whose short and noiseless method of settling disputes arising between the different officers and members of this academic body, is designed to preserve that peace and harmony so essential to its well being.
That this is the proper view of the appellate power of the commissioner is evident from the provision, enabling him, or either party to require him, to lay a statement of the facts of each case appealed before one of the judges of the supreme court for final decision. This implies some litigated question ofright, to be determined under the school-law or general law, or, as the case may be, under both; and hence, and hence only, the propriety of calling in the assistance of an official supposed, from his position, to be skilled in the law.
Now, the case stated to me by the commissioner, involves no question of violated right whatever, for him to pass upon. The school committee of Jamestown, acting by a majority, have, according to the discretionary power vested in them by law, determined the place of the new school-house to be built in District No. 1 of their town. One of their number, dissenting, complains to the school commissioner that they have acted unwisely, and he agrees with the dissentient member. As, however, the discretion to decide this question, is, by law, vested in the school committee, I can see no wrong done to any one by their decision, however unwise it may be, and no question for the commissioner, upon appeal, to determine. The power to decide this question is with them, as it must be with some one, or some body; and so that they decide it fairly, not exceeding their power under the law, no one has a right to complain of or to correct them. Any other construction of the appellate power of the commissioner would throw every discretionary power, vested by the school-law in the school corporations or officials, into his hands; since, upon appeal, he would be authorized to revise and control their exercise of it. This, perhaps, would not be so bad as the further consequence, that, upon further appeal, every such power might become vested in one of the judges of the supreme court, notwithstanding the utter unfitness of the members of that tribunal to exercise it.
For these reasons, which I have perhaps unnecessarily expanded, my opinion and decision is, that in reversing the determination *Page 604 
of the majority of the school committee of Jamestown, fixing the location of the new school-house in District No. 1 of that town, the commissioner has exceeded his appellate power; no illegality in the action of the school committee upon that subject being apparent, and this matter having been, by law, committed to their discretion.
 *Page 9